**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000570**
**17-APR-2019**
**08:08 AM**

NO. CAAP-16-0000570

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SHADLEY HAYNES; KURSTIN HAYNES, Individually and as
Parent and Legal Guardian of Minor Children James Haynes and
Natasha Haynes; THE OTHER SIDE - ROCKSTARZ - LLC,
Plaintiffs-Appellants,
v.
GREGORY FOWLER HAAS; FPA GOLD COAST ASSOCIATES, LLC;
CLARK REALTY CORPORATION; KONA METRO PARKING & WATCHMAN
SERVICES, INC.; ALLIED SELF STORAGE CENTER;
GUIDO GIACOMETTI; CHUNG PARTNERS,
Defendants-Appellees,
and
DOE DEFENDANTS 1-10,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 12-1-0301K)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

In this appeal arising out of a civil case regarding personal injury, Plaintiffs-Appellants Shadley Haynes; Kurstin Haynes, individually and as parent and legal guardian of minor children James Haynes and Natasha Haynes; and The Other Side - Rockstarz - LLC (Rockstarz) (collectively, Plaintiffs), appeal from the Final Judgment entered by the Circuit Court of the Third Circuit (circuit court)[1] on August 5, 2016, and an identical

---

[1] The Honorable Ronald Ibarra presided.

Final Judgment entered on August 18, 2016.[2] Plaintiffs also challenge the Final Judgment's underlying orders that (1) granted summary judgment in favor of Defendant-Appellee Chung Partners and Defendant-Appellee Allied Self Storage Corporation (Allied) (collectively, Defendants) and (2) awarded costs to Chung Partners.

## I. BACKGROUND

### A. Factual Background

In the early morning hours of December 24, 2011, Defendant Gregory Fowler Haas (Haas) assaulted Plaintiff Shadley Haynes (Haynes) with a cow bone in the parking lot outside of the Rockstarz bar, located at 74-5484 Kaiwi Street, Kailua-Kona, Hawai'i 96740. At the time of the incident, Haas was allegedly living out of a storage unit at the Allied Self Storage facility (Allied Facility), located at 74-5540 Kaiwi Street, Kailua-Kona, Hawai'i 96740, on the same street as the Rockstarz bar. Allied leased the location for the Allied Facility from Chung Partners.

### B. Procedural Background

Plaintiffs filed suit on May 2, 2012, naming as defendants Haas and multiple entities associated with the Rockstarz bar premises, alleging that inadequate security on the Allied Facility premises allowed Haas to assault Shadley Haynes. Plaintiffs filed their Third Amended Complaint on April 23, 2015, in which they alleged that Chung Partners and Allied created an unreasonably dangerous condition by allowing tenants to live illegally in storage units at the Allied Facility, thereby creating a public nuisance.

Chung Partners filed a Hawai'i Rules of Civil Procedure (HRCP) Rule 56 (2000) motion for summary judgment on July 8, 2015, arguing that it had no duty and could therefore not be held liable for any alleged public nuisance. Chung Partners also filed a second motion for summary judgment on July 20, 2015, arguing that no public nuisance existed. Allied Storage filed its substantive joinder in the motions on August 24, 2015. The

---

[2]      Due to their identical nature, the August 5, 2016 Final Judgment and August 18, 2016 Final Judgment are collectively referred to herein as the Final Judgment.

circuit court entered a Minute Order dated September 8, 2015, granting the motions for summary judgment. On October 20, 2015, the circuit court entered its "Order Granting Defendant Chung Partners' (1) Motion for Summary Judgment, Filed July 8, 2015, (2) Motion for Summary Judgment, Filed July 20, 2015, and (3) Defendant Allied Self Storage Corporation's Joinder in Defendant Chung Partners' Motions for Summary Judgment, Filed August 24, 2015" (Order Granting Summary Judgment).

Chung Partners filed its motion for costs on December 3, 2015. The circuit court orally granted the motion for costs at a hearing on March 31, 2016, and subsequently filed the "Order Granting Defendant Chung Partners' Motion for Costs" on April 27, 2016.

The circuit court's "Judgment Re: Order Granting Defendant Chung Partners' Motion for Costs" was entered on June 21, 2016, but was then amended by the "Amended Judgment Re: Order Granting Defendant Chung Partners' Motion for Costs" entered on July 5, 2016, to remove language that had been included by Chung Partners without Plaintiffs' review.

The circuit court entered a Final Judgment on August 5, 2016. As to Chung Partners and Allied, the Final Judgment provided that judgment was entered in favor of Chung Partners and Allied and against Plaintiffs, dismissing all claims by Plaintiffs against Chung Partners and Allied, pursuant to the Order Granting Summary Judgment. The Final Judgment also reiterated the award of costs to Chung Partners.

Plaintiffs filed their notice of appeal from the Final Judgment on August 15, 2016.

The circuit court thereafter filed its August 18, 2016 Final Judgment which was identical to the August 5, 2016 Final Judgment. Plaintiffs subsequently filed an amended notice of appeal to include the August 18, 2016 Final Judgment.

## II. POINTS OF ERROR

On appeal, Plaintiffs assert two points of error. First, Plaintiffs contend that the circuit court erred in granting Chung Partners' motions for summary judgment, and Allied's substantive joinder therein, because there were genuine

issues of material fact as to the existence of a public nuisance on the Allied Facility premises, the liability of both Chung Partners and Allied to Plaintiffs for that nuisance, and whether that nuisance was a legal cause of Plaintiffs' injuries. Second, Plaintiffs contend that the circuit court erred in granting Chung Partners' motion for costs because Chung Partners should not have been granted summary judgment on Plaintiffs' claims against it and thereby deemed a prevailing party for purposes of HRCP Rule 54(d) (2000) and Rule 68 (1999).

As discussed below, we affirm the portions of the Final Judgment in favor of Defendants, but vacate the Final Judgment insofar as it uses HRCP Rule 68 as a basis for awarding costs.

## III. STANDARDS OF REVIEW

### A. Summary Judgment

An appellate court reviews the circuit court's grant or denial of summary judgment *de novo*. <u>Querubin v. Thronas</u>, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." HRCP Rule 56(c) (2000).

### B. Motion for Costs

We review the circuit court's decision in granting the motion under an abuse of discretion standard. For costs awarded under HRCP Rule 54(d), the appropriate standard of review is as follows:

> Hawai'i Rule of Civil Procedure (HRCP) 54(d) provides that, "[e]xcept when express provision therefore is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" "The award of taxable cost is within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion." <u>Bjornen v. State Farm Fire and Cas. Co.</u>, 81 Hawai'i 105, 107, 912 P.2d 602, 604 (App. 1996).

<u>Wong v. Takeuchi</u>, 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998). Similarly, in reviewing an award for costs under HRCP Rule 68, the standard of review is as follows:

> Costs under Rule 68 refer to actual disbursements deemed reasonable by the court, and the trial court has the discretion of determining what is reasonable. An abuse of

4

discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Kikuchi v. Brown, 110 Hawai'i 204, 207, 130 P.3d 1069, 1072 (App. 2006) (internal quotation marks and citations omitted).

## IV. DISCUSSION

### A. Motions for Summary Judgment

Plaintiffs first contend that the circuit court erred when it granted the motions for summary judgment because there existed genuine issues of material fact as to: the existence of a public nuisance, Defendant's liability for that nuisance, and whether that nuisance was a legal cause of Plaintiffs' injuries.

Plaintiffs' Third Amended Complaint included the following claims against Defendants:

> 59. By allowing Defendant Haas and others to live in one of its storage units in violation of land use and public health laws, Defendant Allied caused its property and the surrounding non-residential area to become a home to vagrants, drug users, criminals and other dangerous and undesirable people who otherwise would not be in this business and industrial area at night. As a result, Defendant Allied created a condition that was (a) unreasonably dangerous and (b) affected a public place, and thereby maintained a public nuisance.
>
> . . . .
>
> 62. As a proximate result of the aforesaid nuisance that was created and/or maintained by Defendant Allied and Defendant Chung [Partners], [Plaintiff] Shadley [Haynes] suffered severe physical injuries, traumatic brain injury, fear of impending death, severe pain and suffering, severe emotional distress, disfigurement, loss of enjoyment of life, medical and hospital expenses, lost income, lost earning capacity, economic loss, and other special and general damages to be proved at trial.
>
> . . . .
>
> 64. As a proximate result of the aforesaid nuisance that was created and/or maintained by Defendant Allied and Defendant Chung [Partners], Plaintiff Kurstin Haynes has suffered mental anguish, emotional distress, a loss of consortium with her husband, economic loss, and other special and general damages to be proved at trial.
>
> 65. As a proximate result of the aforesaid nuisance that was created and/or maintained by Defendant Allied and Defendant Chung [Partners], Plaintiff Rockstarz suffered loss of business and diminished business reputation.

In other words, Plaintiffs bring a public nuisance claim against Defendants and seek relief in the form of monetary damages.

On appeal, Plaintiffs cite to Littleton v. State, 66 Haw. 55, 67, 656 P.2d 1336, 1344 (1982), for the definition of a nuisance as

> that which unlawfully annoys or does damage to another, anything that works hurt, inconvenience, or damage, anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or which renders its ordinary use or physical occupation uncomfortable, and anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights.

(Citations omitted). In defining what constitutes a public nuisance, the Littleton Court quoted the Kansas Appellate Court:

> A nuisance, to be a public nuisance, must be in a public place, or where the public frequently congregate, or where members of the public are likely to come within the range of its influence; for, if the act or use of property be in a remote and unfrequented locality, it will not, unless malum in se, be a public nuisance. (citation omitted) . . . If the nuisance affects a place where the public has a legal right to go, and where the members therof frequently congregate, or where they are likely to come within its influence, it is a public nuisance.

Id. at 67, 656 P.2d at 1344-45 (quoting City of Burlington v. Stockwell, 47 P. 988, 989-90 (Kan. Ct. App. 1897)). The Hawai'i Supreme Court's discussion in Littleton, however, centered around a party's liability in a negligence action for personal injuries being predicated upon a statutory duty to prevent a public nuisance. 66 Haw. 55, 656 P.2d 1336 (holding that City could be held liable for injuries resulting from its failure to perform its statutory duty under Hawaii Revised Statutes § 46-12 (1985) to remove and clear seaweed, limu, and debris "which are likely to . . . become a public nuisance"). Plaintiffs also cite to Territory v. Fujiwara, 33 Haw. 428, 429 (Haw. Terr. 1935), for the definition of a public nuisance as an act which "affects the rights enjoyed by citizens as a part of the public, that is, the rights to which every citizen is entitled." In that case, the court considered whether defendants were guilty of maintaining a public nuisance in violation of a criminal statute for which they were tried. We note there have been several cases in Hawai'i involving public nuisance in the criminal context. See, e.g., State v. Rocker, 52 Haw. 336, 475 P.2d 684 (1970) (affirming defendant's conviction for HRS § 727-1 (1968) "offense of common nuisance"); The King v. Nawahine, 3 Haw. 371 (Haw. Kingdom 1872) (affirming jury verdict that defendant's use of obscene language to a girl in the presence and hearing of another girl and a woman was a public nuisance, in violation of statute against common nuisances). In the instant case, there is no statute that

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

imposes a duty upon Allied or Chung Partners to prevent a public nuisance involving people living at storage facilities.

A review of case law reveals that the Hawaiʻi Supreme Court has generally recognized declaratory and injunctive relief – not monetary damages – for public nuisance claims, particularly ones which do not arise from statute. See, e.g., Akau v. Olohana Corp., 65 Haw. 383, 652 P.2d 1130 (1982) (holding that plaintiffs had standing to assert rights of public for public nuisance claim for which plaintiffs sought only declaratory and injunctive relief); Ideta v. Kuba, 22 Haw. 28, 29 (Haw. Terr. 1914) (holding that an unlawful obstruction of a public road or highway is a public nuisance for which a suit for injunction may be brought); Cluney v. Lee Wai, 10 Haw. 319, 322-23 (Haw. Rep. 1896) (holding that plaintiff was entitled to injunctive relief from nuisance of noise produced by certain instruments at defendant's Chinese theater during evening hours generally devoted to sleep and quiet); see also City & Cty. of Honolulu by Inouye v. Cavness, 45 Haw. 232, 364 P.2d 646 (1961) (affirming trial court's decree requiring abatement by demolition of building which was a public nuisance as defined by Building Code of the City and County of Honolulu and common law).

Plaintiffs cite to several cases outside of our jurisdiction to support their argument that Allied and Chung Partners should be held liable for damages for Plaintiffs' injuries sustained as a result of an alleged public nuisance. The cited cases, however, do not support the contention that a finding of a public nuisance would entitle Plaintiffs to monetary damages in this case. See City of New York v. Smart Apartments LLC, 959 N.Y.S.2d 890 (N.Y. Sup. Ct. 2013) (granting city's request for injunctive relief for alleged public nuisance created by defendants' operation of transient accommodations for short-term stays); Packett v. Herbert, 377 S.E.2d 438, 442-43 (Va. 1989) (holding that in an equity suit brought against a self-service car wash facility, "if the nuisance can be abated" by an award of injunctive relief, "the adjoining owner is only entitled to such damages as he may have sustained up to the time of the abatement of the nuisance, not including damages for the

7

permanent diminution in the value of his property"); Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz., 712 P.2d 914 (Ariz. 1985) (affirming trial court's granting of preliminary injunction against center which provided free meals to indigent persons due to alleged activities of clients amounting to a public nuisance); Barrett v. Lopez, 262 P.2d 981 (N.M. 1953) (holding that neighbors were entitled to injunctive relief from dance hall whose patrons created a public nuisance). The only case Plaintiffs cite allowing monetary damages for personal injuries under a nuisance theory was where the legislature had specifically defined the nuisance and provided for recovery of damages in its enactment of its Health and Safety Code. Lew v. Superior Court, 25 Cal.Rptr.2d 42 (Ca. Ct. App. 1993) (affirming small claims court's award of damages to aggrieved neighbors for emotional and mental distress where legislature designated operation of "drug houses" as a nuisance through its Health and Safety Code and provided for recovery of damages therein). Here, Plaintiffs do not seek injunctive relief, nor is there any legislative act which provides for recovery of damages for a condition defined to be a public nuisance.

As discussed *supra*, in Hawai'i, the existence of a public nuisance does not automatically establish tort liability. However, a party can be held liable for a public nuisance if there is a clear duty imposed by statute. A review of Hawai'i case law does not reveal any cases in which the courts have provided a plaintiff with tort relief in the form of damages for a public nuisance claim as Plaintiffs seek in the instant case.

We conclude that, as a matter of law, Defendants cannot be held liable for damages for an alleged public nuisance, as asserted in the Third Amended Complaint. Accordingly, summary judgment in favor of Defendants was proper.

**B.    Motion for Costs**

We now address Plaintiffs' remaining point of error regarding Chung Partners' motion for costs under HRCP Rules 54(d) and 68. In its order granting Chung Partners' motion for costs, the circuit court did not specify whether it was awarding costs under Rule 54(d) or Rule 68. Upon review of the record, it

8

appears that the court only granted post-offer costs.[3]

Inasmuch as we affirm the circuit court's granting of the motions for summary judgment, Chung Partners remains the prevailing party for purposes of awarding costs. Thus, the circuit court's award of costs under HRCP Rule 54 was proper.

The text of HRCP Rule 68 (1999) states, in relevant part:

> At any time more than 10 days before the trial begins, any party may serve upon any adverse party an offer of settlement or an offer to allow judgment to be taken against either party for the money or property or to the effect specified in the offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

In <u>Collins v. South Seas Jeep Eagle</u>, 87 Hawai'i 86, 952 P.2d 374 (1997), the Hawai'i Supreme Court discussed the requirements of Rule 68:

> To qualify as a Rule 68 offer, the offer must be such that a judgment in the words of the offer will fully and completely decide the claim or claims toward which the offer is directed. It also must comply with Rule 68's express requirements. <u>One of the express requirements of Rule 68 is that the offer must provide for payment by the defending party of "costs then accrued."</u>

<u>Id.</u> at 88, 952 P.2d at 376 (emphasis added) (some quotation marks and citations omitted).

Here, the settlement offer states: "an offer to settle Plaintiffs' claim against Defendant CHUNG PARTNERS for the sum of TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($25,000), <u>each party to bear their own fees and costs</u>." (Emphasis added). This offer does not include costs then accrued — it explicitly excludes it. As such, the offer did not comply with Rule 68's express requirement. On this fact alone, Chung Partners' August 6, 2015 offer of settlement was not a valid HRCP Rule 68 offer. <u>See</u> <u>E.E.O.C. v. Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO</u>, No. 94-CV-1022, 1996 WL 663971, at *5 (N.D.N.Y. Nov. 12, 1996) (holding that a settlement offer which provided that "[e]ach party will bear its own attorney's fees and costs incurred in

---

[3] Based on a review of the hearing on the motion for costs on March 31, 2016, and the "Order Granting Defendant Chung Partners' Motion for Costs" filed on April 27, 2016, the court only discussed and awarded post-offer costs in the amount of $22,085.22. It did not award pre-offer costs.

this action" was invalid under Federal Rules of Civil Procedure Rule 68).  Therefore, the settlement offer cannot serve as a basis for awarding post-offer costs to the offering party. Accordingly, we hold that the circuit court erred in granting Chung Partners' motion for costs under HRCP Rule 68 where the purported HRCP Rule 68 offer of settlement was invalid.

### V. CONCLUSION

Based on the foregoing, the August 5, 2016 Final Judgment and the August 18, 2016 Final Judgment, entered by the Circuit Court of the Third Circuit, are affirmed except for the award of costs to Chung Partners based on HRCP Rule 68.  The case is remanded to the circuit court for further proceedings to determine the amount of costs to award Chung Partners under HRCP Rule 54(d).

DATED:  Honolulu, Hawai'i, April 17, 2019.

On the briefs:

James J. Bickerton
and Nathan P. Roehrig
(Bickerton Dang)
for Plaintiffs-Appellants.

Robert D. Triantos
and Michelle Chi Dickinson
(Carlsmith Ball LLP)
for Defendant-Appellee Allied
Self Storage Corporation

Gregory K. Markham
Keith K. Kato
Kristen K. Souza
(Chee Markham & Feldman)
for Defendant-Appellee Chung
Partners

Gregory Fowler Haas,
Pro Se, Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge